UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GARY WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-237 |
| ) | |
| MCKENZIE-CATE COMPANY, et al., ) | Judge Mattice |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Plaintiff Gary Williamson filed suit against the defendants, seeking redress for alleged misrepresentations of the defendants concerning the restrictive deed covenants associated with a piece of property purchased by plaintiff. Tennessee Valley Authority ("TVA") is named as a defendant because TVA, as an agent for the United States, is the former owner of the property that created the restrictive covenants. Suit was originally filed in the Circuit Court for Bradley County, Tennessee. Defendant TVA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides that an action commenced in a state court against an agency of the United States may be removed to federal court.

Before the Court is defendant TVA's motion to dismiss. TVA requests that it be dismissed from this case because its sole interest in this matter is based on the United States' property rights and, to the extent any adjudication or relief is sought against TVA, the United States is a necessary party and has not consented to be sued in property matters except pursuant to the Quiet Title Act, 28 U.S.C. §§ 1346(f), 2409a. Plaintiff concedes that TVA is correct in its assertions and requests that TVA be dismissed from this action and that this action be remanded to the state court.

The Tennessee Valley Authority Act of 1933 provides that the title to all real property acquired by TVA "shall be taken in the name of the United States, and . . . all such real estate shall be entrusted to [TVA] as the agent of the United States to accomplish the purposes of [the TVA Act]." 16 U.S.C. § 831c(h). TVA has the power "to convey by deed, lease, or otherwise, any real property in [its] possession . . . or under [its] control . . . ." 16 U.S.C. § 831c(k)(a). In this instance, the United States, acting by and through TVA, sold the piece of property in question and reserved the right to prohibit homes, buildings, or any structures below the 692' contour elevation. Such reserved rights are property interests of the United States. *E.g.*, *Chapman v. Sheridan-Wyo. Coal Co.*, 338 U.S. 621, 626-27 (1950). Thus, the property interests of the United States are at issue in this action.

Where the property interests of the United States are involved in an action, and the rights of others cannot be adjudicated without affecting those interests, the United States is a necessary and indispensable party. *See, e.g.*, *Ogden River Water Users' Ass'n v. Weber Basin Water Conservancy*, 238 F.2d 936, 941 (10th Cir. 1956). The United States is a necessary and indispensable party to this action.

The United States, however, can be sued only when and upon such terms as Congress has provided. *See, e.g.*, *Minnesota v. United States*, 305 U.S. 382, 388 (1939). Under the Quiet Title Act, Congress has allowed the United States to be sued in actions involving disputes regarding the United States' real property rights. 28 U.S.C. § 2409a. "Congress intended the [Quiet Title Act] to provide the exclusive means by which adverse claimants could challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286 (1983). Congress also provided that federal district courts "shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate

or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f).

Because the United States is a necessary party to the adjudication of plaintiff's rights against TVA and the United States has not consented to be sued in a quiet title action except by way of an original action brought in a district court pursuant to 28 U.S.C. § 1346(f) and § 2409a, TVA must be dismissed from this action.

Accordingly, TVA's motion to dismiss will be **GRANTED**, and TVA will be **DISMISSED WITHOUT PREJUDICE** as a party. Because TVA's presence in this action provided the only basis for federal subject matter jurisdiction, the dismissal of TVA as a party requires that the action be **REMANDED** to the Circuit Court for Bradley County, Tennessee.

A separate order will enter.

                                     *s/ Harry S. Mattice, Jr.*
                                     HARRY S. MATTICE, JR.
                                     UNITED STATES DISTRICT JUDGE